## ALBANY SURROGATE'S COURT.

In the Matter of the Estate of PETER GOOSEBERRY, deceased.

When one possessed of personal property, dies, intestate, leaving no wife or descendant, parent, sister or brother, but leaves an aunt, and the children of deceased uncles and aunts, the aunt takes the entire estate under the statute of distributions as the nearest of kin, and is entitled to letters of administration; and in such a case no citation need issue to the cousins, as they have no interest in the estate of the decedent.

If several persons claim letters of administration and the verified petitions of each set forth that the deceased died intestate, and left personal property within the state, oral proof, upon the hearing, is unnecessary to show the intestacy of the deceased, or that at the time of death he had personal property within the jurisdiction of the court.

The question of the costs of the administrator establishing relationship to decedent, should be reserved until the final accounting.

*January*, 1877.

PETITIONS were presented to the surrogate of Albany county, for letters of administration upon the estate of Peter Gooseberry, · deceased. One petitioner, Helen Simpson, claimed to be the aunt of deceased, and desired Marshal Tebbett to be associated with her in the administration of the estate. Another petitioner claimed as cousin of deceased. The other petitioners were creditors. Objection was made that a citation should issue to the non-appearing children of dead brothers and sisters of the decedent, and who were, therefore, cousins of Gooseberry, and conceded to be living. Testimony was then given tending to show that Helen Simpson had fifteen brothers and sisters, one of whom was the mother of Gooseberry, and all were dead. No oral proof

was given that the decedent left no will, or had assets in the state at the time of his death ; and at the close of the testimony objection was made upon those grounds. Other material facts are stated in the opinion of the surrogate.

*William J. Hadley* for Helen Simpson.

*Edward J. Meegan* for McIntyres.

*D. Cady Herrick* for A. Myers, creditor.

*James C. Matthews* for J. H. Rouse, creditor.

ROGERS, *Surrogate.* — As to the preliminary objection that a citation should isssue to the cousins of deceased, the *surrogate* ruled, that Helen Simpson, as aunt of deceased, was entitled to the entire estate, and that the cousins had no interest under the statute of distributions, and consequently no necessity exists of bringing them into court. (*a*)

After the testimony was closed the surrogate rendered his decision, as follows :

There are four petitions presented in this case, one by J. H. Rouse, who claims to be a creditor; one by A. Myers and John P. Cutler, claiming to be creditors; one by Robert and Adaline McIntyre, who claim as cousins of the deceased; and one by Helen Simpson, who claims to be an aunt of deceased.

(*a*) Kent says : "If the intestate leaves no wife or child, brother or sister, but his next of kin are an uncle by his mother's side, and son of a deceased aunt, the uncle takes the whole" (2 *Kent Com.* [12*th ed.*], 425, citing *Bowers* agt. *Littlewood*, 1 *P. Wms.*, 593 ; *Parker* agt. *Nims*, 2 *N. H.*, 460 ; *Parke* agt. *Asken*, 11 *Gill. & J.*, 346 ; *see, also, McClellan's Executor*, 117). No one is required to be cited unless entitled to an interest in the estate under the statute of distributions (1 *Bradf.*, 125, 200; 37 *Barb.*, 192). The statute of descents differs from the statute of distributions in reference to representation among collaterals, and does not prohibit it after nephews and nieces (2 *R. S.* [6*th ed.*], *p.* 1133, *et seq.* *See Hyatt* agt. *Pugsley*, 23 *Barb.*, 285 ; *Hannan* agt. *Osborne*, 4 *Paige Ch.*, 340).

The petitions in relation to the case are to be considered together, and considered as part of the case; and they all agree that, on the 29th day of November, 1876, Peter Goose-berry died, intestate; (*b*) that he left goods, chattels and credits in the State of New York to the value of $4,000.

The only question in issue is, who is entitled to administer the estate? The evidence shows that Peter Gooseberry, the deceased, did not leave any wife or children, or father or mother or sister or brother, and that the nearest of kin is Helen Simpson. I therefore adjudge that Helen Simpson is entitled to letters of administration, and that, under the statute, she can join any other person with her as administrator. I think that they should give bonds in the sum of $10,000. There is some difference of opinion as to whether the assets are $4,000 or $5,000; but I think it best to have the bond in $10,000.

Let letters issue to Helen Simpson and Marshal Tebbett.

Inquiry was made as to the costs and expenses of establishing the relationship of Helen Simpson, many witnesses being subpœnaed from a great distance, and the surrogate replied : I do not propose to pass upon that now; the statute prescribes that the reasonable costs of administration be paid out of the estate ; but it is a question that must come up upon a final accounting.

(*b*) Death and intestacy must be proved to the satisfaction of the surrogate, and the party applying must be examined *on oath* in regard thereto. If the petition be *not* verified, an oral examination of the applicant, under oath, must be made (*Redfield's Law & Prac. of Surrs.' Courts, p.* 164 *note*), although it has been held that these requirements are directory merely (*Farley* agt. *McConnel*, 7 *Lans.*, 428).